COMMONWEALTH *vs.* RICHARD E. WILSON.

Essex.   May 10, 1983. — July 13, 1983.

Present: HALE, C.J., CUTTER, & KASS, JJ.

*Defrauding an Innkeeper.   Words,* "Agreement for credit."

A motel owner's consent that a lodger defer payment of his bill until the end of his stay at the motel was not "an express agreement for credit" within the meaning of G. L. c. 140, § 12, and did not entitle the lodger to a required finding of not guilty on a charge of defrauding the motel owner.   [371]

COMPLAINT received and sworn to in the Third Essex Division of the District Court Department on April 14, 1982.

On appeal to the jury session of the Central Northern Essex Division, the case was tried before *Sullivan,* J.

*Marvin H. Margolies* for the defendant.

*Gary Kemp (Dyanne Klein Polatin,* Assistant District Attorney, with him) for the Commonwealth.

HALE, C.J.   The defendant was charged with violating G. L. c. 140, § 12, under a complaint which alleged that the defendant "did without an express agreement for credit, procure food, entertainment or accommodation from an innkeeper without paying therefor and with intent to cheat and defraud the owner, thereof."   A jury of six in a District Court returned a verdict of guilty, and the defendant was sentenced.   He claims error in the denial of his motion for a required finding of not guilty.

The case is before us on an appendix consisting of the docket entries, the face page of the complaint, an "Agreed Statement," the motion for a required finding and the claim of appeal.   It is agreed that in May of 1981, the defendant arrived at the complainant's motel in Ipswich and said that

he was in the process of moving and wanted a room at the motel for an indefinite period. The defendant was known to the owner. The defendant asked if he could pay for the charges upon leaving the motel, and the owner said that was fine with her. Thereafter the defendant stayed at the motel for a total of thirty-three days until June 24, 1981. A day or two prior to checking out, the defendant had informed the owner of his intention, and she had instructed her bookkeeper to prepare a bill. The owner was not present when the defendant checked out on June 24, but the motel manager gave the defendant a bill dated that day. The bill was not paid. When several attempts to obtain payment failed, the owner filed the complaint.

General Laws c. 140, § 12, as amended through St. 1977, c. 284, § 1, provides in pertinent part:

> "Whoever puts up in a hotel, motel . . . and, without having an express agreement for credit, procures food, entertainment or accommodation without paying therefor, and with intent to cheat or defraud the owner or keeper thereof . . . shall be punished . . . .
>
> "If there was not an express agreement for credit, that payment for such . . . accommodation . . . was refused upon demand, shall be presumptive evidence of the intent to cheat or defraud referred to herein."

The only express agreement between the parties was that the defendant could pay his bill when he checked out.

The defendant contends (1) that the agreement was an express agreement for credit as contemplated by the first paragraph of G. L. c. 140, § 12, and (2) that the Commonwealth cannot take advantage of the "presumption"[1] in the

---

[1] As the judge's charge is not before us, and as no question is raised concerning the words "presumptive evidence," we assume that those words were construed as a rule of evidence as to a permissible inference. *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 252-253 (1980). See Liacos, Massachusetts Evidence 59-61 (5th ed. 1981).

second paragraph of § 12 as it did not introduce evidence that would "indicate that the defendant failed to make an agreement for credit." We treat the two contentions together.

There is nothing in the arrangement made at the time the defendant arrived at the motel that speaks to an extension of credit beyond the defendant's time of departure from the motel. The charges became due when the defendant checked out. A bill was presented to the defendant at check out, and it was not paid. We construe the agreement for credit referred to in § 12 as contemplating an agreement to delay payment until some time after a person terminates his relation as a guest at the place of accommodation. See *Cottonreeder* v. *State*, 389 So. 2d 1169, 1171 (Ala. Crim. App. 1980). We regard such a credit agreement to be separate and distinct from the normal procedure of deferring payment until all requested services have been received.

The jury were warranted in finding beyond reasonable doubt (*Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 [1979]), that the presentation of the bill was a demand for payment for the motel accommodations furnished to the defendant, which was refused. They could have inferred from the facts which are set out in the "Agreed Statement" that there was no agreement for credit with respect to that bill and that the defendant had the intent to cheat the owner of the motel.

*Judgment affirmed.*